JAMES R. HOWELL, APPELLANT, v. CHARLES E. H. EARP, SHERMAN S. JEWETT, AS PRESIDENT, ETC., AND OTHERS, RESPONDENTS.

*Judgment creditor's action—property transferred by the debtor to one from whom he had embezzled money cannot be reached by it—right of a joint stock association to hold real estate conveyed to it, can only be questioned by the people—an owner of property who has allowed another to sell it and recovers a judgment against him for its value, cannot set aside the transfer.*

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action was in the nature of a creditor's bill to reach property which the defendant Earp and his wife had conveyed and transferred to the other defendants, to liquidate a liability of Earp to them for an embezzlement of about $30,000.

One Howell, the plaintiff, in December, 1875, recovered, in the Superior Court of the city of Buffalo, a judgment against Charles E. H. Earp, for $60.39 and interest, in an action against him and his wife for debts due a copartnership consisting of the said Howell and Earp's wife. One-half of the judgment belongs to Howell, and one-half to Mrs. Earp, after payment of the costs, and any debts of the firm. Earp had received the property under a general assignment executed to him by the firm, under which he was to pay the firm's debts and return any surplus to the assignees. He had sold the firm assets but neglected to pay over the proceeds. Upon that judgment an execution was issued, and returned wholly unsatisfied. Thereupon the plaintiff Howell brought this action in the nature of a creditor's bill against Charles E. H. Earp, Jeannette Earp, his wife, Sherman S. Jewett as president of Jewett & Keating, a joint stock association, and Sherman S. Jewett. The object of this bill was to reach certain real estate and personal property conveyed and transferred to Jewett & Keating, and to Jewett, for the benefit of the said association, in July, 1875, by the said Charles E. H. Earp, and Jeannette Earp, his wife. The evidence showed that the defendant, Charles E. H. Earp, from 1867 to July, 1875, while a clerk of Jewett & Keating, embezzled and ap-

propriated to his use over $20,000. That Jewett & Keating learned of it in July, 1875, and caused his arrest. That while he was under arrest, and before a formal charge had been preferred, he confessed his embezzlement and sought an opportunity to turn over to Jewett & Keating, and for their benefit, the property, real and personal, so transferred by him and his wife. Most of the property so turned over was purchased by Earp with the funds so taken from Jewett & Keating. The plaintiff sought to establish and gave evidence tending to show that the transfers were obtained by duress. The defendants gave evidence that no undue influence or duress was practiced upon Earp, or his wife, when they made the conveyances and transfers. The plaintiffs also claimed that neither the joint stock association nor Keating, in its behalf, could acquire title to and hold the real estate, as it was not needed for its uses.

The court at General Term said : " The referee has found there was no duress, and we cannot, upon a careful consideration of the evidence before him, disturb his finding as against the fair weight of the evidence. First. The evidence was abundant to show that the amount embezzled exceeded the value of the property conveyed and transferred. Second. That it was taken in good faith to reimburse the losses sustained and not to defraud the creditors of Earp, nor for any fraudulent or collusive purpose. Earp was afterwards, and on July 27, 1875, charged with embezzlement of $184 by Jewett & Keating, and pleaded guilty to the charge before a magistrate, and was committed to prison. Without their knowledge he subsequently gave bail, and subsequently fled the country. They subsequently caused him to be indicted but he has not been found to be tried. Jewett & Keating did not agree to compound the felony. Transfers thus made have been and equitably ought to be upheld. (*Clark* v. *Fisher*, 1 Paige, 176 ; *Ingersoll* v. *Roe*, 65 Barb., 356.) Vice-Chancellor RUNYON, of New Jersey, in *Smillie* v. *Titus*, just decided to uphold a mortgage taken under somewhat similar circumstances, and allowed a foreclosure thereof as a valid mortgage. (21 Alb. L. J., 436.) The transfers and conveyances passed the legal and equitable title to the real and personal property from Earp and wife. Such was their legal effect.

" The act of 1867, chapter 289, as to joint stock companies, may be construed as a restraint upon the right of a joint stock association to purchase and *hold* the real estate not needed for their immediate use. Such seems to have been the construction given to it in *Rainey* v. *Laing* (58 Barb., 489). That question is not before us. If the statute is violated, it is the province of the State to see to its enforcement. The plaintiff is not entitled to break in and have conveyances declared void in this collateral mode. (*Runyan* v. *Coster*, 14 Pet., 128 ; *Humbert* v. *Trinity Church*, 24 Wend., 630 ; *Matter of Ref. Presb. Church*, 7 How. Pr., 476 ; *Bogardus* v. *Trinity Church*, 4 Sandf. Ch., 758 ; *Gould* v. *Cayuga National Bank*, MS., 4th Department ;* *National Bank* v. *Matthews*, 8 Otto, 621 ; *S. C.*, 19 Alb. L. J., 132.)

" It was entirely competent for Earp to transfer his property, and that which he had purchased with the embezzled funds or otherwise, to Jewett & Keating ; and to cause his wife to transfer hers, or that which he had caused, by use of such or other funds, to be taken in her name, in liquidation, to pay, or towards the payment of, his indebtedness to Jewett & Keating. Even an assignment of his property for such purpose, with preference to Jewett & Keating, to the exclusion of the plaintiff, as a preferred creditor, would have been valid, if free from actual fraudulent intent. (*Hauselt* v. *Vilmar*, 76 N. Y., 630.) As the conveyances and transfers were in good faith, and without any 'intent to defraud the creditors of Earp,' they might be upheld upon the facts found, without resorting to the principle which allows a party to trace his property, or the proceeds thereof, into other hands, and reclaim the same, except from *bona fide* purchasers, as stated in *Newton* v. *Porter* (69 N. Y., 133), and *Ferris* v. *Van Vechten* (73 N. Y., 113).

" In the action in the Superior Court, the referee found that on March 15, 1873, by a certain instrument, 'the said Howell and the said Jeannette *did assign* and transfer to said Charles E. H. Earp the stock in trade and business' of said firm of Howell & Co.; that Earp was to take possession thereof and sell off the stock, and pay

---

* Reported, *Ante*, p. 293.

the debts of said concern in full, and to *account* to said Jeannette and said plaintiff for the surplus after payment of such debts; that he did sell the stock and fixtures, and received payment therefor, but that he had not accounted and paid over the moneys so received. The referee also required an account to be made up and stated. It was made up, and shows that all the property and stock were charged to Earp, and a balance struck of $6,039.62; and as a conclusion of law, it was found that Earp 'owes the said copartnership the sum of $6,039.62, and that the balance belongs to said Earp and Jeannette in equal portions.' It also appeared that Earp sold some of the property thus acquired to one Douglass, in part payment for the Fort Erie property. This seems to have been with the knowledge and assent of Howell. The title, therefore, passed from Earp. And as this is a creditor's bill to reach the property of Earp, it is sufficient to answer that Earp was authorized to sell the property, and sold it with the assent of the former owners, and has been charged in the account stated in the plaintiff's action, with the value thereof, as an indebtedness. The case thus presented is not one where the plaintiff and Jeannette Earp, or either of them, have the right to reclaim the specific property transferred by them to Earp, and after they authorized him to sell and receive pay therefor."

*Tracy C. Becker*, for the appellant.

*Franklin D. Locke*, for the respondent.

Opinion by Hardin, J.; Talcott, P. J., and Smith, J., concurred.

Judgment affirmed, with costs.